Estate of Isaac B. Heimbach, Deceased, Francis E. and Raymond W. Heimbach, Executors v. Commissioner. Raymond W. Heimbach and Glenna V. Heimbach v. Commissioner.
Estate of Isaac B. Heimbach v. Commissioner
Docket Nos. 33793, 33794.
United States Tax Court
1954 Tax Ct. Memo LEXIS 276; 13 T.C.M. (CCH) 210; T.C.M. (RIA) 54075; March 15, 1954
Harry J. Alker, Jr., Esq., for the petitioners. Stanley W. Herzfeld, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income taxes against the petitioners for the year 1947, as follows: Docket No.
Petitioner
Deficiency
33793
Estate of Isaac B. Heim-
bach, Deceased, Francis
E. and Raymond W.
Heimbach, Executors
$ 3,796.80
33794
Raymond W. Heimbach and
Glenna V. Heimbach
11,747.96
The issues presented are (1) whether Isaac B. Heimbach, the decedent, is entitled to a loss deduction in 1947 on the sale to his son, Raymond W. Heimbach, of the decedent's undivided one-half interest in the accounts receivable of their partnership, I. B. Heimbach and Son, and (2) whether the respondent erred (a) in determining *277 that Raymond W. Heimbach and his wife, Glenna V. Heimbach, are not entitled to a bad debt loss deduction in 1947 in the amount of $34,633.93, and (b) in including in gross income the sum of $66 as interest received in 1947. Findings of Fact Francis E. and Raymond W. Heimbach are coexecutors of the estate of Isaac B. Heimbach, deceased, hereinafter referred to as the decedent, who died on July 11, 1947. Decedent's income tax return for the short taxable year ended by his death was filed by Raymond W. Heimbach, executor, with the collector of internal revenue for the first district of Pennsylvania, at Philadelphia. Raymond W. Heimbach and his wife, Glenna V. Heimbach, residing in East Greenville, Pennsylvania, filed their joint return for the taxable year 1947 with the collector of internal revenue for the first district of Pennsylvania, at Philadelphia. From 1924 until May 31, 1946, the decedent and his son, Raymond W. Heimbach, as equal partners, engaged in the operation of a coal, feed, and lumber business in East Greenville, Pennsylvania, trading as I. B. Heimbach and Son. The partnership assets consisted of machinery, inventory, real estate, and accounts receivable. In June *278 1946 the partners mutually agreed to dissolve and the business was thereafter conducted by Raymond W. Heimbach as sole proprietor. He continued to deal with many of the same individuals who were indebted to the partnership. At the time of the dissolution of the partnership the books showed between 1,200 and 1,500 separate accounts receivable having a book value of $77,267.85. A partnership return was filed for the fiscal year 1947. The only item shown on the return was a net loss in the amount of $69,267.85, reflected under schedule E, as follows: Sale of accounts receivable: Book value
$77,267.85
Sold for
8,000.00
Loss
$69,267.85
On January 3, 1947, the decedent sold his undivided one-half interest in the partnership accounts receivable to his son, Raymond W. Heimbach, for the sum of $17,172.24. From January 3, 1947, to December 1952, Raymond W. Heimbach collected $23,389.61 of the partnership accounts receivable. The executors of the decedent's estate filed a return on behalf of the decedent for 1947 in which a deduction was claimed in the amount of $34,633.92, or one-half the loss shown on the partnership return. In their joint return for 1947, Raymond *279 W. Heimbach and his wife, Glenna V. Heimbach, also claimed a deduction of $34,633.93, or one-half the loss shown on the partnership return. The respondent disallowed the loss deductions. On their 1947 joint return Raymond W. Heimbach and Glenna V. Heimbach reported income from interest in the amount of $66 and other income of $32,057.02. By reason of the loss claimed in the amount of $34,633.93 no net income was shown. In determining the deficiency the respondent added the interest in the amount of $66 to the other income. Petitioners Raymond W. Heimbach and Glenna V. Heimbach have failed to establish the amount of bad debts that became worthless in the taxable year 1947. Opinion LEMIRE, Judge: The principal question presented involves the propriety of the respondent's disallowance of the alleged partnership loss claimed by the respective petitioners in the taxable year 1947. At the trial of these proceedings the petitioners changed their position from that asserted in their original returns. On behalf of the decedent, it is claimed that in 1947 he suffered an ordinary loss of $17,461.68 on the sale of his undivided one-half interest in the partnership accounts receivable *280 to his son. The amount of loss is computed by deducting the sale price of $17,172.24 from one-half of the loss in accounts receivable of $34,633.92, as reflected on the partnership return. Assuming that the decedent sustained a loss on the sale of his one-half interest in the partnership accounts receivable to his son, the loss is not deductible. Sec. 24, I.R.C.[1]Nathan Blum, 5 T.C. 702. We, therefore, hold that the decedent is not entitled to a deductible loss in the taxable year 1947 by reason of the *281 sale of his undivided one-half interest in the partnership accounts receivable to his son, Raymond W. Heimbach. With respect to the petitioners, Raymond W. Heimbach and Glenna V. Heimbach, the position taken at the trial is that they sustained a bad debt loss in 1947 in the amount of $18,752.30. The testimony shows the loss was computed by taking one-half the book value of the partnership's accounts receivable belonging to Raymond W. Heimbach in the amount of $34,633.93, plus the cost of decedent's one-half interest in the sum of $17,172.24, less the amount of $23,389.61 collected during the period January 3, 1947, to December 1952, plus further collectible accounts in the amount of $7,659.53, leaving a balance of $20,757.03 as uncollectible. Of this amount it is claimed that the sum of $18,572.30 was charged off as uncollectible in 1947. We think the method which petitioners now employ to compute a bad debt loss deduction is improper. Assuming that petitioners Raymond W. and Glenna V. Heimbach suffered a bad debt loss this record does not establish the amount deductible in the taxable year 1947. The evidence does not show the fair market value of the accounts at the time of *282 the dissolution of the partnership in June 1946. At that time there were between 1,200 and 1,500 separate accounts receivable on the partnership books, and it may be that a considerable part of such accounts was uncollectible at that time. There is no showing as to what amount was collected on the accounts between the time of dissolution and the sale of the decedent's undivided one-half interest to his son on January 3, 1947. Assuming that the sale price of $17,172.24 paid for decedent's one-half interest represented the fair market value of one-half of the partnership accounts receivable, the one-half interest owned by Raymond W. Heimbach had no greater value. Hence, it may be reasonably inferred that a large part of the accounts receivable was determined to be uncollectible prior to that time. The individual accounts were never segregated between the partners. The evidence indicates that the son in continuing the business carried on by the former partnership dealt with the same debtors, and it is not shown whether separate records were kept of the accounts of such debtors. The record does not disclose whether any effort was made to collect any specific partnership accounts receivable, *283 nor the reasons underlying the determination of worthlessness in 1947 of any specific accounts. Upon the utterly confusing state of this record, the meagerness of the evidence, and the total lack of any substantial documentary proof or underlying data, we are of the opinion that the petitioners, Raymond W. and Glenna V. Heimbach, have failed to establish a deductible bad debt loss in any amount for the taxable year 1947. Therefore, on this issue we sustain the respondent's disallowance of any deductible loss for that year. With respect to the $66 interest item the petitioners offered no evidence. The presumption of correctness accorded the respondent's determination as to the interest item has not been overcome. Decisions will be entered for the respondent. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * *
(b) Losses from Sales or Exchanges of Property. - (1) Losses disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - (A) Between members of a family, as defined in paragraph (2) (D); * * *
(2) Stock ownership, family, and partnership rule. - For the purposes of determining, in applying paragraph (1), the ownership of stock - * * *
(D) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; * * *↩